## DRIVER *vs.* RIDDLE.

1. At common law, when administration was revoked pending a suit, the revocation might be pleaded in discharge of the action, but it was necessary for the plea to allege an administration of the effects, or that they had been delivered to the succeeding administrator.

2. An executor cannot avoid his liability to settlement of the estate of his testator in the Orphan's court, by resignation.

3. The act of eighteen hundred and twenty-one, (Aik. Dig. 179,) authorises an administrator to resign his authority, but provides that he and his securities shall continue bound for all assets not duly administered, or delivered to his successor.

4. An administrator or executor, therefore, cannot by a resignation of his authority, avoid any of the liabilities imposed on him by law,—and he can only be discharged from an action, by shewing an administration or want of assets.

Error to the County court of Jackson county.

Assumpsit against an administrator.

On the trial of the cause, defendant suggested, that since the last term, he had resigned his administration, and that one Riddle, as sheriff of the county, had been appointed, which appeared to the court to be true, and matter of record in the Orphan's court. Whereupon, defendant moved to be discharged from the suit, and he was accordingly discharged.

Plaintiff then informed the court, he would not move to revive the suit against Riddle, as the present administrator; upon which, Riddle moved to be made defendant, as administrator *de bonis non,* which was accordingly done. Riddle then declared he was ready for trial, and

Driver *vs.* Riddle.

plaintiff refusing to proceed against him, the court non-suited plaintiff.

Assignments of error:

1. The court erred in discharging the administrator, as defendant, from the suit;

2. In substituting Riddle as defendant; and

3. In rendering judgment against plaintiff below.

*Parsons*, for the plaintiff in error.

GOLDTHWAITE, J.—The sole question which arises in this case, is, whether an administrator, by a resignation of his office, can discharge himself from a suit in progress against him, without shewing an administration or the want of assets?

The act of eighteen hundred and twenty-one, (Aik. Dig. 179,) authorises an administrator to resign his authority, but expressly provides that he and his securities shall continue bound for all assets which have not been duly administered, or delivered to the succeeding administrator. Such was the liability at common law, in cases where the administration was revoked pending the suit, and although the revocation might be pleaded in discharge of the action, it was necessary for the plea to allege an administration of the effects, or that they had been delivered to the succeeding administrator—(Garter vs. Dee, Freeman, 13 ; 1 Saund. Pl. and Ev. 373.) This court also has decided that an executor could not avoid his liability to settlement of the estate of his testator before the Orphan's court by a resignation—(Thomason & Haynes vs. Blackwell, 5 Stew. & Por. 181.) Those au-

Driver *vs.* Riddle.

thorities are satisfactory to shew that no administrator or executor can, by resignation of his authority, avoid any liabilities imposed on him by law ; and that he can only be discharged by shewing an administration or want of assets.

In the case before us, no attempt was made, by the previous administrator, to shew what disposition had been made of the assets which came to his hands,—and as the plaintiff has the right to pursue them, and, if necessary, to fix a personal responsibility on the administrator or his securities, if he has wasted the assets of the estate, it was incumbent on the administrator to aver in his suggestion to the court, such facts as were sufficient to discharge himself. It is immaterial whether these facts appear by suggestion to the court, or by plea; as in either event, the plaintiff ought to have the opportunity to controvert them by issue. As no opportunity has been afforded him to test the right of the administrator to be discharged from liability, the court erred in discharging the previous administrator, and permitting the present defendant to become a party to the suit.

Let the judgment be reversed, and the cause remanded for further proceedings.