## LAMBETH AND WIFE v. GARBER, ET AL.

1. A report by the administrator, that the estate represented by him is insolvent, is necessary to give the county court jurisdiction to decree against him in fafor of creditors: and a report of insolvency made by a previous administrator, has no effect on on a subsequent administrator, *de bonis non.*

WRIT of error to the County Court of Sumter.

This is an administration cause, and the decree complained of is one made on the final settlement of the estate of Pleasant M. Posey, deceased.

In July, 1840, administration of the estate of Pleasant M. Posey, was granted to Catharine Posey. She resigned the trust in August of the same year, without proceeding upon the administration. Upon her resignation, James Hair was appointed.— Hair, after proceeding in the administration so far as to obtain an order of sale of some real estate, upon his petition setting out that it could not be fairly and beneficially divided among the heirs at law, reported the estate insolvent on the 22d September, 1842. On the 10th of November of the same year, Hair resigned the administration, and Mrs Posey was re-appointed and entered into a new bond. On this administration, an inventory of the estate was returned. At June term, 1843, an application was made by one Williams, for a citation to William Lambeth, who had intermarried with the administratrix, and his wife, to settle the said estate.

A citation was issued to Lambeth and wife on the 26th of June, 1843, to appear before the court and settle the said estate, but it does not recite at whose instance, or for what cause, it was issued. They appeared at the July term, and asked for further time, which was allowed them until the 4th Monday of September then next: At the same term, a citation was ordered against Hair, the former administrator, to appear and settle his accounts. At the September term, Lambeth and wife appeared and filed their account current and vouchers, and the court thereupon ordered that the 4th Monday of November then next, should be set apart for the final settlement of the estate; and publication was then order-

ed, giving at least 40 days notice for all persons in adverse interest, to appear and contest the same. In the account current filed, the parties debited themselves with seven slaves, six of which were stated as purchased by Mrs Lambeth, while sole administratrix, with a note belonging to the estate: And credited themselves with the same slaves as remaining in their possession. They also disclosed the names of the several distributees of the said estate, who were all minors.

The court then proceeded to state an account with the administratrix, which need not be recited, as the opinion of the court does not proceed upon it. In this account was included the accounts of unpaid creditors amounting to $1940 36, and judgments were rendered in their favor severally, for the amounts ascertained by the court to be due them against Lambeth and wife, for which sums so decreed, execution was ordered to issue.

The writ of error is sued out upon this final decree, and one of the errors assigned (the only one upon which the opinion of the court is given) is, that the county court had no jurisdiction to render these judgments in favor of the several creditors.

Smith, for the plaintiff in error.
Peck, *contra.*

GOLDTHWAITE, J.—There is in this case, an error which goes to the entire settlement, and which renders it improper to determine any other question raised upon the record.

It appears that the estate has never been represented insolvent by the present representative, and such a representation, in our opinion, is absolutely essential, to give the county court jurisdiction to decree in favor of creditors. This subject was examined at some length in Clark v. West, [5 Ala. Rep. 117,] and there we endeavored to show that the peculiar jurisdiction exercised over insolvent estates, arises out of, and is dependant upon the report of the administrator. This case differs from that, in the circumstance, that a previous administrator had so reported, and afterwards resigned before any settlement with the county court; this circumstance does not change the legal aspect of the case. The general course of decision has been to consider each administration as entirely distinct from any other; and accordingly it has been held that an administrator *de bonis non,* could

Lambeth and Wife v. Garber, et al.

maintain no action against the representatives of the previous administrator for assets of the estate received by him. [Chamberlayne v. Bates, 2 Porter, 550.] So, likewise, as to a suit upon the official bond, for the benefit of the administrator *de bonis non.*— [Judge County Court v. Price, 6 Ala. Rep.] In Thomason v. Blackwell's adm'rs, [5 S. & P. 181,] and Driver v. Riddle, [8 Porter, 343,] it was held, that an administrator could not, by resigning the trust, discharge himself from a suit in progress against him, without showing an administration or want of assets.

It it true, in Chamberlain v. Bates, the court express the opinion that the decision then made would not necessarily determine that a report of insolvency, by an administrator *de bonis non,* might not draw to the jurisdiction of the county court the settlement with the previous administrator, or his personal representative. Whatever may be the proper course of practise in that case, it is not the one presented by this record; but here the administrator *de bonis non* is sought to be charged by reason of an act with which he has no connexion, and over which he could exercise no judgment or control. The right of contesting demands asserted by creditors is one of great importance to those who are entitled to distribution; and, when the estate is solvent, the administrator is alone authorised to act upon them. When the estate is insolvent, the distributees cease to have any interest in it, and instead of a representative in their behalf, the law has very wisely substituted the judge of the county court or commissioners, to determine on the claims presented as between the several creditors, and the administrator has no voice in the matter, except to render a true account of the assets. We may remark that the law will not permit one administrator to be bound by the admissions of his co-administrator. [Caruthers v. Mardis, 3 Ala. Rep. 599.] Here, the attempt is to bind one by an antecedent act of another, which seems to fall within the same principle. The only doubt we have in this case, has been from the supposed influence it might have upon the bar presented by the statute of *non claim,* and the questions therewith connected; but it does not seem to follow that the bar would not attach to the first grant of administration, or that a presentation of the demand to the first administrator would not avoid the bar. These matters seem to have been somewhat considered in Hazard v. Purdom, [3 Porter, 43,] but no decision was made upon them.

Upon the whole, we are of opinion that the judgment of final settlement must be reversed for the error in rendering judgment in favor of the unpaid creditors.

Judgment reversed and remanded.