## ASKEW v. WEISSINGER, Ex'r.

1. An account filed against an insolvent estate, is not, under the statute, previous to the passage of the act of 1843, sufficiently proved, by an affidavit of its correctness, made at the time it is filed, but if objected to, it must be proved according to the course of the common law.

ERROR to the County Court of Perry.

DAVIS, for plaintiff in error.
T. CHILTON, *contra.*

ORMOND, J.—This case, as it regards the jurisdiction of this court, is in the same condition as the case of Cawthorne v. Weissinger; but as the case has been argued upon its merits, it is proper we should express our opinion upon it. The 10th and 11th sections of the act of 1843, [Clay's Dig. 194,] provide that an affidavit should be filed with the account in the clerk's office against an insolvent estate, which if not contested within nine months after the estate is declared insolvent by the administrator, or the creditors in his name, should be sufficient proof of the account. That statute, however, does not apply to this case.

By the old law, creditors were allowed "to file the evidences

of their claims" in the clerk's office, [Aik. Dig. 154, § 7,] which
by a fair construction, would probably apply to a sworn account,
as it could in no other way be evidence.   This, however, was
merely *prima facie* evidence of the claim, and if other proof was
required, it was necessary that it should be made, or the claim
would be rejected.

· The claim, therefore, against an insolvent estate, must, like any
other, if contested, be proved according to the course of the com-
mon law, and the court was correct in rejecting the affidavit of
James Abbot, establishing the correctness of the account, be-
cause it was taken *ex parte*.   The deposition of Toller, taken
with notice, merely proves that the charges were reasonable, but
he knows nothing of the account.   The court, therefore, did not
err in excluding it, and in refusing to allow the account, it being
contested by the executor.

Let the writ of error be dismissed.