## McBROOM'S ADM'RS *vs.* McBROOM'S CREDITORS.

1. When the order transferring a cause from the Orphans' Court to the Court of Chancery, assigns no reason for the transfer, but the record discloses a sufficient reason, and the parties appear and proceed with the cause, without objection, in the Court of Chancery, an objection to the jurisdiction of that court, on account of a mistake in the decree, setting forth the reason of the transfer, cannot be raised in the Appellate Court, and the mistake itself is immaterial.
2. A mistake in the given name of a party against whom a decree has been rendered, when the true name appears in the record, is a clerical misprision, and will be corrected in the Appellate Court, at the cost of the plaintiff in error.
3. When the record of the Orphans' Court contains no report or decree of insolvency, a mere recital in the order of publication against creditors, that the estate had theretofore been reported and declared insolvent, does not give the Court of Chancery, to which the cause has been transferred, jurisdiction to proceed to a settlement of the estate as an insolvent estate.

ERROR to the Chancery Court of Madison. Tried before the Hon. D. G. Ligon.

THE final settlement of the estate of Wm. McBroom, deceased, by Richard B. Purdom and Thomas McBroom, administrators *de bonis non*, was commenced in the Orphans' Court of Madison. A minute entry in the proceedings of that court recites, that on account of the relationship of the judge to one of the administrators, the circuit judge being notified of the fact, had appointed commissioners to state the amount, and make report thereof to the court. The commissioners made their report, and it was recorded. A subsequent order recites that the parties interested in the settlement appeared in open court by their attorneys, and agreed that the settlement made by the commissioners should be set aside, and it was therefore ordered, that said settlement be set aside, and said cause transferred to the Chancery Court, but no reason for the transfer is assigned in the order. The chancellor, in his interlocutory decree referring the case to the master, stated that the cause had been transferred from the Orphans' Court, " on account of the interest of the judge of that court," and this is the first error assigned.

C. C. & J. W. CLAY, for plaintiffs in error:

1. The order of the Orphans' Court does not show for what cause the case was transferred to the Chancery Court, and the chancellor had no right to assume that it was because of the interest of the judge of that court.

2. The master's report states the account against Richard B. Purdom and *Stephen* McBroom, administrators, &c., and the decree is also against *Stephen* McBroom, while the record shows that *Thomas* McBroom was the administrator, not · *Stephen* McBroom.

3. The report of insolvency does not appear in the record, and without it the proceedings are irregular, and must be reversed.—Clay's Dig. 192, § 2, 3, &c.; Clarke v. West, et al. 5 Ala. 126 ; Lambeth & Wife v. Garber, 6 Ala. 870.

The mode of proceeding in the settlement of solvent and of insolvent estates, under the statute, is entirely different. In the settlement of a solvent estate, the parties to the decree must necessarily be the executor or administrator on one side, and the *distributees* on the other.—Merrill v. Jones, 2 Ala. 192; reaffirmed in Davis v. Davis, 6 Ala. 613.

In the settlement of an insolvent estate, the parties to the decree are the executor or administrator on one side, and the *creditors* on the other.—Clay's Dig. 194, § 12. It is only in insolvent estates, that the court may decree in favor of each.

JAMES ROBINSON, *contra:*

1. The record shows that in consequence of the relationship of the judge of the Orphans' Court to one of the administrators, he notified the circuit judge of that fact, who appointed commissioners to settle and state the account. Afterwards, by consent, this was set aside, and the cause transferred to chancery. It is too much to say, that because an improper order was set aside by consent, that the relationship of the judge was destroyed. Whilst that relationship existed, it was proper to send the cause to the Chancery Court.

2. It is admitted that there is a clerical misprision in stating the account, and rendering the decree against *Stephen* McBroom, instead of *Thomas* McBroom. But the record shows what the true name of the administrator is, and the amount for which a decree ought to be rendered. This court will therefore

correct the mistake, and render a proper decree here, for the amount ascertained to be due from the administrators.

3. As to the want of jurisdiction. This objection seems to be two-fold. 1. That on the final settlement, the estate proved to be solvent. If this objection were good, it would follow that the administrator, by reporting an estate insolvent, could keep off all remedy at law of the creditors, and at the same time by the fact of solvency, prevent a settlement and distribution by the Orphans' Court. Thus he might keep the assets of the estate as long as he chose.

2. That there is no sufficient report of insolvency:

The case of Lambeth & Wife v. Garber, 6 Ala. 870, which is cited to sustain this point, has been overruled by McLaughlin, Adm'r. v. The Creditors of Nelms, 9 Ala. 925. Even if the objection were good, the plaintiffs in error have waived their right to insist upon it. The objection was not raised before the Orphans' Court, before the master, or before the chancellor, but the plaintiffs appeared before them all, and treated the estate as if duly and regularly reported insolvent. They thus virtually admitted that it had been reported insolvent. The question is not, whether the estate is insolvent, but whether it *has been reported* insolvent; and this can be shown as well by the minute entry, which is the act of the court, as by the report itself, which is the act of the party.

CHILTON, J.—1. It is assigned for error, that the chancellor assumes that the cause was transferred from the Orphans' Court in consequence of the interest which the judge of that court had in the subject matter. The order transferring the cause does not show upon what ground the transfer was made. It does appear however, from another part of the record, that the judge of the Orphans' Court was incompetent to act, by reason of his relationship to Thomas McBroom, one of the administrators. It does not appear that any objection of this kind was made in the court below, but on the contrary, the parties appeared in the Chancery Court, and proceeded with the cause. Under these circumstances, as the record discloses good ground for the transfer, we think the jurisdiction of the Chancery Court should not be questioned in this court, and that the mistake in setting forth the reason for the transfer in the decree is immaterial.

2. The report of the register states the account against Richard B. Purdom and *Stephen* McBroom, adm'rs. &c., and the decree following the report is also against Stephen, whereas, the whole of the proceedings show that *Thomas* and not Stephen McBroom was the administrator, and this constitutes the 2d and 3rd assignments of error. It is most manifest that the error here complained of was a clerical misprision, and as such, falls within the letter as well as the spirit of the statute, allowing amendments to be made.—Clay's Dig. 321, § 50, ib. 322, § 54. The section last referred to requires this court to amend at the cost of the plaintiffs in error.

3. It is however objected, that this estate has been settled as an insolvent estate, and that the record furnishes no evidence, (such as the chancellor could regard) of the report of such insolvency, and a decree of the Orphans' Court predicated upon the report. It appears that on the 27th February, 1845, the following entry was made in the Orphans' Court. "The estate of William McBroom *having been heretofore reported and declared* insolvent, it is ordered that all persons having claims against said estate, to file them in this office on or before the first day of September next." Then follows an order of publication to be made, that creditors file their claims in the office of the clerk of the County Court, properly authenticated, on or before the first day of September, 1845, or the same would be forever barred. There is nothing farther apparent in the record of the proceedings to show that this estate was reported or declared insolvent. Is this sufficient to give the court jurisdiction of the estate, so as to decree in favor of creditors, as in case of insolvency under the statute?—The cases of Clarke v. West, 5 Ala. 117, and Lambeth & Wife v. Garber, et al. 6 Ala. 870, fully answer this query in the negative. In the case first cited, it was held, that the report of insolvency not appearing in the record, all the proceedings in the County Court, treating the estate as insolvent, were irregular, and subject to reversal, and it was further said, that the recitals of the report in the various orders could not control the defect; that the report being the only evidence of what it contained, could not be ascertained by the consideration given to it by the court. The subsequent case in 6 Ala. 870 sustains the former decision. In the case before us, it does not appear when or by whom this estate was report-

Falkner v. The Judge & Comm'rs of Randolph Co.

ed insolvent. No report appears, nor any schedule showing the condition of the estate, with respect to its debts and assets, &c. Neither is there any decree, declaring the same insolvent, but a bare recital, that it had "heretofore been reported and declared insolvent." Such recital we think wholly insufficient to confer the jurisdiction here exercised. The case before us is not analagous to the case of McLaughlin, adm'r. v. The Creditors of Nelms, 9 Ala. 925, where it was held that an administrator could not object to the regularity of an order declaring the estate insolvent, *made upon his own report.* The declaration of insolvency appeared in that case, and was made upon the report of the administrator. Here it does not appear, and the estate in fact appears to be perfectly solvent. We feel very sure that the decree cannot be supported. It must therefore be reversed, and the cause is remanded.