*NEW-YORK, Nov. 1810.*

MAIGLEY
v.
HAUER.

———— ⊕ ————

MAIGLEY *against* HAUER.

Same *against* Same.

Same *against* Same.

IN error, on *certiorari*, from a justice's court.

The return stated, that, on the 25th of *February*, 1809, in *Columbia* county, *Hauer* sued *Maigley* by summons. The parties appeared, and the plaintiff declared, stating a *colloquium* about a farm possessed by the plaintiff, and in which he had a life estate; and it was agreed that if the plaintiff would give up the possession to the defendant for life, the defendant would deliver to the plaintiff yearly, during his life, one third of the wheat and rye which the defendant should raise, and that he would maintain the plaintiff for life with victuals, clothes, &c. and the plaintiff averred that he did deliver up the possession to the defendant, who took and still occupies the farm; and that the defendant has refused to maintain the plaintiff, although often requested, &c.

The defendant pleaded *non assumpsit*.

There was a trial by jury, and the plaintiff proved the agreement, and that the defendant, after maintaining the plaintiff for three years, had afterwards refused; that the conveyance of the farm was by articles of agreement under seal; and after it was executed, the defend-

*Where there is a consideration expressed in a deed, without saying "and also for other considerations," proof of any other consideration than the one expressed, is not admissible.*

*If the consideration is not truly stated, the party must seek his relief in the court of chancery.*

ALBANY,
Feb. 1811.

MAIGLEY
v.
HAUER.

ant further agreed to maintain the plaintiff as above stated. The articles of agreement conveyed the farm to the defendant for the life of the plaintiff, and it contained a covenant by the defendant to deliver yearly to the plaintiff one third of the winter grain, and also to pay the ground rent. There was parol evidence of the agreement to maintain the plaintiff, which was objected to, but admitted, as being an independent and separate contract. The defendant moved for a nonsuit, on the ground that there was no consideration for the parol promise.

The justice charged the jury, that the plaintiff must prove the contract as laid, and a consideration and a breach; and that if he failed in either, they ought to find for the defendant. The jury found a verdict for the plaintiff, for 20 dollars.

*Van Buren*, for the plaintiff in error. He cited 1 *Johns. Rep.* 139. 2 *W. Black.* 1249. 3 *Johns. Rep.* 210. 506. 5 *Wils.* 276. 2 *Atk.* 384.

*E. Williams*, contra.

*Per Curiam.* It is a settled rule, that where the consideration is expressly stated in a deed, and it is not said also, and for other considerations, you cannot enter into proof of any other, for that would be contrary to the deed. This was so decided by this court in *Schermerhorn* v. *Vanderheyden*, (1 *Johns. Rep.* 139.) and again in *Howes* v. *Barker*, (3 *Johns. Rep.* 506.) The same rule prevails in equity according to the cases of *Clarkson* v. *Hanway*, (2 *P. Wms.* 203.) and of *Peacock* v. *Monk*, (1 *Vesey*, 127.) and the remedy for the party, if the deed be contrary to the truth of the case, is by seeking relief in equity against the deed, on the ground of fraud or mistake, as was intimated in the case of

*Howes* v. *Barker;* and as was adopted in the case of *Filmer* v. *Gott,* (7 *Bro. P. C.* 70.)

If the proof as to the consideration arising from the sale of the farm be put out of view, there was no consideration at all for the promise to maintain the defendant in error. It was a mere *nudum pactum,* and the verdict in each cause was contrary to law, and the judgment in each cause must be reversed.

Judgment reversed.