ROSE *vs.* ROSE and others, executors, &c.

A devise of a farm by a testator, to his son, in satisfaction of a claim for services, such farm being sufficient in value for that purpose, and an acceptance thereof by the son, will, if the devise be unrevoked, constitute a perfect defense to an action by the son against the devisor's executors, for such services.

But such a devise will be revoked, by a conveyance of the same land to the devisee, by the testator during his lifetime; and the claim of the son for his services will remain unsatisfied; unless it is agreed that the conveyance shall be in lieu of the devise, and in satisfaction of that claim.

What amounts to a valid delivery of a deed.

Whether evidence of other considerations than those enumerated, in a deed, is admissible? *Quære.*

MOTION, by the plaintiff, to set aside the report of a referee, by which it was found that there was nothing due from the defendants, as executors of Stephen Rose, deceased, to the plaintiff. The facts are sufficiently detailed in the opinion of the court.

*H. Denio & T. E. Clarke,* for the plaintiff.

*C. P. Kirkland,* for the defendants.

*By the Court,* GRIDLEY, J. This is a suit for labor and services, brought by a son against the representatives of his father. The ground of defense mainly relied on by the defendants' counsel is, that the demand has been satisfied by the devise of a farm, and an acceptance of it in satisfaction. The clause in the will upon which this question arises, is the following: "Firstly, my son, Marvin Rose, has labored for me a number of years since he became twenty-one years of age, and in *consideration of such labor* I set off and devise to him, the said Marvin Rose, his heirs and assigns, the following lot of land," &c. There can be no doubt but that the devise was intended to be in satisfaction of the claim of the plaintiff for ser-

vices, and as the farm is proved to be an ample fund for that purpose, if the devise has not been revoked, and has been accepted by the plaintiff, the defense is perfect. (2 *Hill*, 576, *and the cases there cited. See also* 2 *Story's Eq. Juris.* §§ 1103, 1119.)

But it is said that the testator revoked this devise by conveying the same land to the plaintiff in the month of October, 1846, a few weeks before his death. The referee has found that there was no consummated delivery of the deed. The evidence upon that point is found in the testimony of Thomas E. Clarke and of Elias Rose. Mr. Clarke was employed to go to the testator's residence for the purpose of drawing the deed and a bond and mortgage for twelve hundred dollars, which the plaintiff was to execute to the testator to secure that sum as a part of the consideration for the farm, the residue of the consideration, as expressed in the deed, being "natural love and affection." Mr. Clarke testifies that he drafted the deed ; that it was signed by the testator, attested by the witness at the testator's request, acknowledged by him to be his act and deed, in answer to the formal question put by the witness, and delivered to the plaintiff. It is true that he did not see the deed pass by manual tradition, but he saw it in the hands of the plaintiff. He testifies further, that the plaintiff signed the mortgage, and requested the witness to sign it as a subscribing witness, which he did. It was then delivered to the testator, who, in pursuance of some family arrangement, assigned it to another son, who was to pay back $200, and who borrowed a check for that amount of the witness. After this, the witness, at the request of the parties, took the deed and mortgage, for the purpose of proving them before a proper officer, but instead of doing so, delivered them to a justice of the peace with directions to call on the parties and take their acknowledgments. Elias Rose, another witness, testified that he was present at the execution of the deed, and that the testator actually delivered the deed to the plaintiff, who started to put it away, but instead of doing so, at the suggestion of the witness, he handed it over to Mr. Clarke who took the same, together with the bond and mortgage, to have them proved and recorded. Nothing transpired to indi-

Rose *v.* Rose.

cate that the delivery was not intended by the parties to be complete.

Upon this state of facts it is impossible to maintain that the deed was not delivered. It would have been a good delivery even if the deed had been retained in the possession of the grantor. Ch. Kent says, (4 *Kent's Com.* 455,) "If both parties be present and the usual formalities of execution take place, and the contract is to all appearance consummated, without any conditions or qualifications annexed, it is a complete and valid deed, notwithstanding it be left in the custody of the grantors." In the case of *Souverbie* v. *Arden*, (1 *John. Ch.* 240,) the question as to what will amount to a delivery of a deed is most elaborately discussed, and on page 256 the learned chancellor declares that when all the formalities of a delivery take place, no mental reservation nor condition not disclosed at the time, will prevent the consequences of an absolute delivery. His language is very explicit. He says, "But if no such agreement or intention be made known at the time, and both parties are present, and the usual formalities of execution take place, and the contract is, to all appearance, consummated, and the deed is left in the power of the grantee or in the custody of his particular friend, without special instructions, there is no case to be found in law or equity in which such a delivery is not binding." The same doctrine was settled in the same way in the case of *Doe* v. *Knight*, (5 *B. & Cress.* 671,) and it was held that the delivery would be absolute when thus executed in presence of a witness, notwithstanding the possession of the deed is retained by the grantor. Upon authority, therefore, the deed under consideration was unconditionally delivered, and the title to the premises covered by the devise was vested absolutely in the plaintiff. It is true that there was evidence that neither the deed nor mortgage was ever proved or acknowledged; and that the plaintiff had declared that he had never accepted the deed. It is also true that the conduct of the testator evinced that he regarded the transaction as not completed. Probably both supposed that the execution of the deed was incomplete and liable to be defeated until it had been formally proved or ac-

---

Rose *v.* Rose.

---

knowledged. In that opinion they were mistaken. The delivery having been made, the title became irrevocably vested in the plaintiff; and no agreement of the parties, nor even the cancellation of the deed, could reinvest it in the testator. (6 *Hill,* 469. 23 *Pick.* 231. 4 *Wend.* 474, 5, 485.) (*a*)

If the deed was delivered, then the devise was revoked, and the claim of the plaintiff for his services remains unsatisfied, unless it was agreed that the conveyance of the premises should be in lieu of the devise, and in satisfaction of that claim. That fact was indeed proved by the testimony of Joseph Rose, but the evidence was objected to and was clearly inadmissible under the old authorities. It will be remembered that the only consideration mentioned in the deed was "twelve hundred dollars and natural love and affection," excluding by construction the idea that any part of the consideration consisted in the services of the plaintiff. It was very early held in *Maigley* v. *Hauer,* (7 *John.* 341,) that when the consideration is expressly stated in a deed and it is not said "*and for other considerations,*" proof of any other consideration is inadmissible. (*See also* 4 *Cowen,* 431.)

But inasmuch as these authorities, so far as they are applicable to the point in question, have been much shaken, if not overruled, by the case of *McCrea* v. *Purmort,* (16 *Wend.* 460,) and by the authorities collected in Cowen and Hill's Notes, vol. 2, p. 1441 to 1444, and in vol. 1, p. 47, and as the fact itself was not passed upon by the referee, we will not anticipate a decision upon this branch of the case. But for the error of the referee to which we have already alluded, we grant a new trial.

Report set aside, and new trial granted.

---

(*a*) See also *Schutt* v. *Large,* (6 *Barb. S, C. Rep.* 373.) Nor will the alteration or defacing of a deed leave that effect. See cases collected in note to *Waring* v. *Smith,* (2 *Barb. Ch, Rep.* 124.)