## HUTCHISON, Executor *versus* TOLLS.

*Semble*—The effect of the act of 1806, which prohibits any action from being brought against an executor or administrator within six months from the time of proving the will or granting letters of administration—should be, to suspend for that time, the running of the statute of limitations. But,

Where, in an action brought against an executor, to recover a debt due by his testator, a replication to a plea of the statute of limitations only alleged *that letters testamentary were not granted to the executor until more than two years after the testator's decease*—Held: That this replication was bad, and was no bar to the plea; because, only averring that letters testamentary were not granted for so long a period, left the legal presumption uncontradicted, that letters of one kind or another, had been previously issued.

THIS action was instituted by Tolls, in the County Court of Madison, to recover of the plaintiff in error, the amount of an account due by his testator. The defendant below, filed the plea of the statute of limitations, to which there was a special replication. The action was commenced something over four years after the death of the testator, and the replication averred that letters testamentary had not been granted until over two years after that event,—which, added to the six months during which the writ could not be issued against the executor, it was contended, barred the action of the statute.

The defendant below, having demurred to this replication, the same was overruled, and he took his writ of error to this Court.

HOPKINS, for Plaintiff—cited *Aikin's Dig.* 176—1 *Stewart's Rep.* 254.

By Mr. Justice THORNTON.
This case comes up by writ of error from the County Court of Madison county, to reverse a judgment of said Court, in favor of the defendant in error; and

the only error assigned, is, that the Court below erred in overruling a demurrer to a replication to the plea of the statute of limitations of three years, the action being assumpsit upon an open account, for board, &c. furnished the testator of the plaintiff in error. The replication contains the averments—that the testator departed this life in July, 1826, and that letters testamentary were not granted to the plaintiff in error, or to any other person upon the testator's estate, until the 22d of September, 1828.; that the time from the death of the testator, to the time of his said promise in the plaintiff's declaration mentioned, and the time from the commencement of the action, to the period of six months after the issuance of letters testamentary to the plaintiff in error, does not amount to three years; that the action was not barred before the death of testator, nor has it been barred since granting letters testamentary to the plaintiff in error. It does not appear when the action accrued, but take it as having done so, at the death of the testator, which is the most favorable supposition for the defendant in error, and four years and one month had elapsed before the issuance of the writ in this cause. The replication admits that the statute had begun to run in the lifetime of the testator. There is no provision in the statute itself, which saves the running of it, in the case of the death of the person liable to the suit; and the general rule is well established, that when it begins, it goes on, till it operates as a complete bar: yet, I am inclined to the opinion, that the effect of the act of 1806, respecting the estates of deceased persons,[a] which prohibits any action from being brought [a Aik. Dig. 152] against an executor or administrator, until six months shall have expired from the time of proving the will of the testator, or of granting letters of administration on the estate of the deceased, should be, to suspend for

that time, the running of the statute of limitations. For, though the language of the statute is, that no action shall be brought to recover any money due by open account, after the expiration of three years from the accruing of the cause of action; I feel persuaded that the computation should be so made, as not to embrace a period, even after the statute has begun to run, during which there was no person potentially existing, against whom a suit could be maintained— *Lex non cagit ad impossibilia.* Here, for the space of six months after probate of a will, or letters of administration granted, a legal incapacity is imposed on the creditor; the effect of which is, to modify the statute of limitations in such cases. I am not prepared to say what is the greatest length of time which may transpire in case of the intervening death of a debtor, to be abstracted from the reckoning of the statute; though I am satisfied that such reckoning should be made without reference to the fact, that in a certain contingency, the creditor himself could obtain letters of administration on the estate. There is no doubt that a disability to sue, which is justly imputable to the creditor, would be disregarded; as if she be a *fême sole*, and after action accrued, marry: the period of her coverture would not be rejected in the computation: many persons may be creditors of an estate, who may be be wholly unworthy, if they could comply with the requisites of the law in all other respects. If a creditor die, twelve months has been adopted as a period, within which, his representative may sue for any demand due to the testator or intestate, although the statute may have commenced running in his lifetime, and would have perfected the bar within the twelve months, if he had lived. This adoption of time, in favor of the representatives of a deceased creditor, has grown up, under an equitable construction of the

English statute of limitations of 21st *James I. sec,* 4, in that country, and has been recognised in our state, from a view of its propriety : our statute, containing the same clause as that in 21 *James I. sec.* 4. For the gradual progress of this exception to the statute of limitations, till its settlement as above stated—see *Salk.* 424, 425—2 *Strange,* 907—1 *Dallas,* 413—1 *Wash'n.* 303, and 1 *Stewt.* 254.

If the disability to sue be created by the death of the debtor, the statute expressly continues that disability, as we have seen, till six months after probate of his will, if he left one, or after letters of administration granted on his estate. The precise time is not definitely fixed, so that it cannot vary. But if the Judge of the County Court do his duty, it cannot exceed nine months, in any case. For forty days, the appointment of any one as personal representative, is left open, to be availed by the parties entitled under the statute, according to an order of succession therein designated. If no one take letters as there authorised, then, after delaying only as much time more, as will finish out three months from the death of the debtor, the Judge of the County Court shall commit the administration to the sheriff or coroner. Full power, however, exists, to supply a temporary representative in almost every supposable case, during the delays which are contemplated in the act.[a] It is to be presumed, that in three months, some representative of the deceased, either executor or administrator, will be appointed : the addition of the six months to which time, making nine months, may be looked upon as the period, which, by a necessary construction of the statute of limitations, as affected by the acts above referred to, may be said to be excepted from computation : though, as I have stated above, a longer time must be omitted, where, from the neglect of the Judge

[a] Aik. Dig. 176, 179, § 1 & 10.

of the County Court, or other cause not imputable to the creditor, such longer time has elapsed, before any one existed against whom the action could be brought. The presumption, that in the case of the plaintiff's testator, the necessary appointment of an administrator was conferred upon some one, is not rebutted by any averrment in the replication. The bar was relied upon, and should have been avoided by matter positively alleged, or at least of reasonable probability. The replication only avers that letters testamentary, were not issued to the executor, until after two years and nearly two months had expired since the death of his testator, and insists, that this time, with the addition of the six months, should be rejected, which being done, would obviate the bar of the statute.

The replication is clearly defective, because only averring that letters testamentary, were not granted for so long a period, leaves the legal presumption uncontradicted, that letters of administration of one kind, or another, had been previously issued.

Let the judgment be reversed, and the cause remanded for further plea.