## STEELE *vs.* WEAVER'S Executors.

1. A report of the insolvency of an estate which is in the name of both the executors is sufficient, although it is signed by one of them only, and verified by his oath alone; the report having been adopted by the other executor, and having been treated as a sufficient report by the court, in ordering a sale of the decedent's lands.

2. When an estate was reported insolvent previous to the act of 1843, but no progress was made in the settlement until afterwards, the subsequent proceedings must be regulated by that act.

3. But the creditors in such case would only be bound to file their claims against the estate within the time prescribed by the court under the previous law, and the right to file claims would also be limited to the time so prescribed.

4. The law previous to the act of 1843 made no provision for contesting claims between the creditors; when, therefore, the settlement of an estate, which was reported insolvent previous to the passage of that act, is to be made through an administrator *de bonis non* under the act, the common law rule would prevail, that written objections to claims should be filed within a reasonable time after the appointment of an administrator *de bonis non.*

Error to the Court of Probate of Madison.

Fleming Jordan, executor, and Martha H. Weaver, executrix of George I. Weaver, deceased, filed their report of the insolvency of their testator's estate, in the office of the Clerk of the County Court of Madison, on the 1st November, 1841. The report is signed by Jordan only, and verified by his affidavit. It was not recorded at the time, but was only filed among the papers of the cause; nor was any written memorandum made on it to show when it was filed, or that it had been filed at all.

On the 9th November, 1841, on the petition of the executor, Jordan, the Orphans' Court made an order for the sale of the testator's lands, to pay the debts of the estate, and appointed commissioners to make the sale. There does not appear to have been any proceeding had under this order. The next entry in the record sets forth the execution of a new bond by Jordan and Bone and wife, (Mrs. Weaver, the executrix, having intermarried with Bone,) on the 1st January, 1844, agreeably to notice given the 5th December, 1843.

On the 27th February, 1845, the court made an order requiring the creditors of Weaver to file their claims against

his estate, as against an insolvent estate, on or before the 1st September next thereafter; and a number of claims were filed against the estate within the time prescribed. The claims of the plaintiff in error were filed on the 15th June, 1850, which, it is stated, did not accrue until the 12th and 18th February, 1850.

Upon this state of facts, Steele objected to proceeding with the settlement as that of an insolvent estate, but his objection was overruled. He then moved the court to permit the creditors to elect an administrator *de bonis non*, which motion also the court refused. The plaintiff in error excepted to these refusals of the court, and now assigns them for error.

D. C. HUMPHREYS and WM. COOPER, for plaintiff in error:

1. The report of insolvency, signed and sworn to by Jordan only, was insufficient. It should have been signed and sworn to by both, Lambeth & Wife v. Garber et al. 6 Ala. 870; Caruthers & Kinkle v. Mardis's Adm'rs. 3 ib. 599. No action of the court was ever had upon the report. It was not recorded, nor was any memorandum made to show that it was filed at all.

2. But if the report is held to be sufficient, then the estate should have been settled under the act of 1843. It comes precisely within the rule laid down by several decisions of this court, Boggs's Adm'r. v. Branch Bank at Mobile, 12 Ala. 494; 10 ib. 915; 8 ib. 457; 7 ib. 923. See also McBroom v. McBroom, at January Term, 1851.

JAMES ROBINSON and R. C. BRICKELL, *contra:*

1. The estate was reported insolvent under the act of 1806. Aikin's Digest, 151, § 2. The proceedings conform precisely to the provisions of that statute. The executor exhibits to the court an account of the estate, real and personal, and of the debts owing by the testator. Upon this report, the court acts as required by the statute, and orders a sale of the real estate. No order or decree of the court declaring the estate insolvent was required. If, from the account exhibited by the executor or administrator, it appeared to the court that the estate was insolvent, the court was required to order a sale of the real estate, and then to notify the creditors of the time

and place appointed for receiving and auditing their claims, Aikin's Digest, 151, § 2; ib. 154, § 7. The court had jurisdiction over the estate as insolvent, whenever the executor so reported it, and the court was satisfied of the truth of the report, Clarke v. West, 5 Ala. 117. That the court was satisfied of the truth of the report appears from its action, in ordering a sale of the real estate, as required by the statute. The report appearing of record, and the Orphans' Court having treated the estate as insolvent, the Court of Probate properly overruled the plaintiff's first objection.

2. The plaintiff's motion to elect an administrator *de bonis non* was also properly refused. No notice was given to the creditors to attend for any such purpose, as seems to be contemplated by the statute of 1843, Clay's Digest, 195, §§ 5, 6.

PHELAN, J.—This estate was reported insolvent by the executors on the 1st November, 1841, and that gave the judge of the Orphans' Court jurisdiction over it, as an insolvent estate, Clarke v. West, 5 Ala. 117. The objection that only one of the executors signed the report, we do not consider fatal to its sufficiency. It was in the name of both, and verified by the oath of one. The judge of the Orphans' Court treated it as a sufficient report, by ordering a sale of the lands of the deceased. A new bond was required afterwards to be given, and was given by both of the executors, which, if necessary, we would hold to be an adoption by both of the act of one in reporting the estate insolvent. We therefore hold, that the court below properly decided to proceed with the matter, as of an insolvent estate, against the objection of the plaintiff in error.

After the estate was reported insolvent, and a sale of the lands ordered on the 9th November, 1841, nothing more seems to have been done towards the settlement of the estate, until the 1st January, 1844, when a new bond was given, agreeably to notice; and on the 27th February, 1845, an order was made, for creditors to file their claims on or before the 1st September, and for publication of the order for six months. In the case of Boggs's Adm'r. v. Branch Bank at Mobile, (12 Ala. 494,) this court has decided, that when an estate was declared insolvent previous to the act of 1843, but

no progress was made in the settlement until afterwards, the subsequent action of the court should be regulated by that act. We consider this case in the court below to be in that condition, and the rule laid down in the case last above cited must govern. No progress was made in the settlement of the estate, at the passage of the act of 1843 "to amend the laws now in force in relation to insolvent estates," (Clay's Digest, 192, *et seq.*,) although it had been previously reported insolvent; and the subsequent action of the Court of Probate must be regulated by that act. See also Martin v. Baldwin, 7 Ala. 923; McLaughlin, v. Nelms, 9 ib. 925; Branch Bank v. Steele, 10 ib. 915. It follows that the Court of Probate erred, in deciding to proceed with the settlement of the insolvent estate under the old law, against the objection of the plaintiff in error. For this error, the decision of the court below on this point is reversed, and the cause remanded.

The proceedings of the Court of Probate, in making the order, and giving notice to creditors to file their claims, as against an insolvent estate, agreeably to the law as it stood previously to 1843, was proper. This should have been done within a reasonable time, if not immediately after the estate was reported insolvent in 1841 ; and inasmuch as we are of opinion, under the authority of cases already decided by this court, (see 5 Ala. 117; 7 ib. 923; 10 ib. 915,) that no decree of insolvency was necessary, under the old law, to bring the estate fully within its provisions as an insolvent estate, it would not be consistent to determine that creditors should be held to the duty of filing their claims agreeably to the act of 1843; that is, within six months from *the report of insolvency*, regarding that as standing in the place of a *decree of insolvency*. They would, in such case, only be bound to file their claims within the time prescribed by the court under the previous law, not less than six, nor more than eighteen months, and the right to file claims would also be limited to the time so prescribed.

The notice having been given for creditors to file their claims under the old law, and the claims having been filed accordingly, the act of 1843 takes the case up at that point, and all further proceedings must be had under it, Steele v. Knox, 10 Ala. 608. The first thing now to be done is, for

the Judge of Probate to appoint a day for the executors to make settlement of their accounts, and for notice to be given to creditors to attend on that day, at which time the court will proceed to settle with the executors, and the creditors will proceed to make choice of an administrator *de bonis non;* and the whole proceedings thenceforward will be governed by the act of 1843.

The law previous to 1843 made no provision for contesting claims between the creditors of an insolvent estate, and the act of 1843 says, that all objections to claims intended to be contested, shall be filed in writing in the clerk's office, within nine months from the time when the estate is declared insolvent under that act. There is evidently, then, no provision by statute regulating the time within which such objections shall be filed, where the estate is *reported insolvent* under the old law, and is to be settled through an administrator *de bonis non* under the act of 1843, as in this instance. In such case, the common law rule would be, that the written objections should be filed within a reasonable time after the appointment of an administrator *de bonis non.*