## LEE vs. LEACHMAN, Adm'r.

1. When a creditor files his claim against an insolvent estate, agreeably to an order of the court, and afterwards brings suit on it against the administrator *de bonis non*, the time which elapsed while the proceedings were pending in the Court of Probate cannot be deducted to prevent the bar of the statute of limitations.

Error to the Circuit Court of Greene.

The record does not show the name of the presiding judge.

Assumpsit by Lee against Leachman, as the administrator *de bonis non* of Lewis Oliver, deceased, on a promissory note made by said Oliver, dated May 15, 1837, and payable two years after date.

Among other pleas, the defendant pleaded the statute of limitations; to which the plaintiff replied, that, after the death of said Oliver, Elizabeth Oliver was appointed his administratrix on the 11th November, 1839, by the Orphans' Court of Greene; that said administratrix, afterwards, on the 11th January, 1841, reported the estate of her intestate insolvent, which report was received by the court, and an order was made, agreeably to the statute, requiring all claims against said estate to be filed in the office of the clerk of said court within the time prescribed by law; that plaintiff filed his note in the clerk's office, as a claim against said estate, on the 21st May, 1841, agreeably to the terms of said order; that said claim remained on file until March, 1845, no settlement of said estate having taken place, at which time said administratrix appeared in said court, and resigned her said administration; that said resignation was accepted by said court, and that said Leachman was, then and there, appointed administrator *de bonis non* of said estate. The replication then proceeds as follows: "And so the said plaintiff in fact says, that deducting the time during which his right of action on the aforesaid promissory note was suspended by the report of the insolvency of said estate, as aforesaid, his said action did accrue within six years, &c.; and this he is ready to verify," &c.

To this replication the defendant demurred, and his demurrer was sustained; and the judgment on the demurrer is now assigned for error.

E. W. PECK, for plaintiff in error:

1. By our statute, after an estate is declared insolvent, a creditor cannot commence and prosecute an action on his debt against the executor or administrator, but is required to file his claim in the clerk's office within six months after the estate is declared insolvent. Clay's Dig. 194, § 10. If, however, an action has been commenced before the estate is declared insolvent, it will not be abated on any plea or suggestion that such estate has been reported or declared insolvent; in such case the creditor may have judgment, that he is entitled to the sum found to be due him, but on such judgment no execution can issue; the only effect of such judgment is, to settle the amount of the creditor's claim against the estate, which is to be certified to the Orphans' Court, and there paid like other claims that may be established against the estate. Clay's Dig. 195, § 13.

2. Although, as a general rule, when a statute of limitations once commences, it runs on, notwithstanding any subsequent disability; yet, when the disability grows out of some statutory provision, the time during which such temporary disability continues, is excluded from the computation. 3 Por. 247; 2 ib. 44; 2 Smedes and Marshall's Rep. 452, and the cases cited. As, therefore, the plaintiff was prohibited from suing on his own claim, from the time the estate was declared insolvent until it was afterwards found to be solvent, the time between those periods ought not to have been counted against the plaintiff.

S. F. HALE, contra :

The statute of limitations had commenced to run, before the report of the insolvency of the estate; and when the statute has once begun to run, no intervening disability of either party will arrest it. Angell on Limitations, 57 ; 4 Howard's R. 38; 2 Bibb 537 ; 4 ib. 468; 15 Ala. 198.

This case is not within any of the express exceptions of the statute,—Clay's Digest 326 ; and when a party seeks to

avoid the statutory bar, he must bring himself within some one of its exceptions; courts will not extend the exceptions of the statute. 1 Cowen's R. 356; Angell on Limitations 205. The death of neither party will arrest it. 3 Stew. 180; 15 Ala. 546. The pendency of an injunction will not arrest it. 16 Wend. 572. The bankruptcy of a party will not suspend it. 17 Ala. 373.

The report of an estate as insolvent, does not prevent the creditor from proceeding to enforce his debt; it only changes the forum of litigation to the Orphans' Court. Aikin's Dig. 152, 154; Edwards v. Gibbs, 11 Ala. 292.

PHELAN, J.—We have repeatedly held, that when an administrator reported an estate insolvent, and his report was received by the Orphans' Court, this, without more, previous to the act of 1843, gave that court jurisdiction over the estate as an insolvent estate. Clarke v. West, 5 Ala. 117; Steele v. Weaver, 20 Ala. 540, and cases there cited. This took away from all the creditors of the intestate, who did not have suits pending at the time, the right to sue in the ordinary way for the recovery of their demands, and merely allowed those who had suits pending, to proceed with them to have their demands settled and ascertained by a judgment, on which no execution was allowed to issue. Clay's Digest 192, § 2.

From the time that an estate is reported insolvent, it has been held, that the administrator becomes an actor in all the subsequent proceedings connected with orders for settlement, and to all settlements and decrees of distribution among the creditors, and is bound to take notice of what is done by the court or its order in this behalf. Clarke v. West, 5 Ala. 117. When an estate was reported insolvent previous to 1843, it was the duty of the Orphans' Court to give notice to all the creditors to file their claims within some certain time, not less than six nor over eighteen months from the time of making the order, and the creditors were allowed to file their claims against the insolvent estate in the clerk's office. Aikin's Dig. 154, § 7. Previous to the act of 1843, the mode provided for trying the validity of claims, where objections were offered, was not either very specific or satisfactory; but

since the act of 1843, it can be done in a mode quite as satis-factory, as by suit at common law. Clay's Dig. 194, § 11.

When the time had expired for filing claims against an insolvent estate, it was the duty of the Orphans' Court to proceed to settle the estate of its own motion; or it could be moved, and, if occasion demanded it, compelled, doubtless, to proceed to a settlement with the administrator and distri-bution among the creditors who had filed their claims. Aikin's Dig. 152, § 2; ib. 154, § 7; Edwards v. Gibbs, 11 Ala. 292.

The foregoing statements are made with a view to show,. that when the statute took away from a creditor the right to proceed by suit in the ordinary way, against an administrator who had reported an estate insolvent, it provided for him another remedy. It allowed him to file his claim, and there-by acquire a right, as a creditor who had filed a claim, to compel the administrator, in due time, to make settlement, upon which the court would decree distribution of the assets of the insolvent estate, and award to him such a share thereof as his claim might be entitled to.

It seems that the estate in this case was duly reported in-solvent, and that Lee filed his claim against it in due time in the clerk's office. We cannot learn from the record that anything further was done in the matter by the Orphans' Court towards the settlement and distribution of this estate. But it appears that, after the lapse of several years from 1841, the time when the estate was declared insolvent, namely, on the 11th March, 1845, the administrator resigns, and Leach-man is appointed administrator de bonis non; and in July, 1847, Lee sues Leachman, the administrator de bonis non, on this note, in the ordinary way, in the Circuit Court of Greene. Leachman defends, by pleading the statute of limitations, and Lee replies, that the statute ought not to run against him, on account of the proceedings in the Orphans' Court, by which he had been prevented from suing in the ordinary way.

It is a doctrine which the courts are inclined to adhere to with some strictness, on account of its supposed excellence, having respect to general consequences, that when the statute of limitations once begins to run, it will not cease to do so because of intervening disabilities. Neither an injunction, nor bankruptcy, nor the death of a party, will stay its pro-gress. Angell on Lim. 57; 16 Wend. 572; 17 Ala. 373.

The only exception yet allowed, that I am aware of, beside the express exceptions, is that made in favor of those who are prohibited by positive law from bringing suits against executors and administrators for a certain time after grant of letters. And in respect to this exception, it is thought, that, as one positive law forbids a suit for a certain time, and another law declares that all suits shall be barred unless brought within a given period after action accrues, the bar of the statute of limitations should not be made complete, until it embraced this full period, throwing out the time of such positive prohibition. The two statutes, interpreted side by side, seemed plainly to require this. Angell on Lim. 205, *et seq.;* Hutcheson v. Tolls, 2 Por. 44; Houpt v. Shields, 3 Por. 247; 2 Smedes & Mar. 452; Howell v. Hair, 15 Ala. Rep. 419.

But in this case, although there is a prohibition to bring suit in the ordinary way, the law in lieu of that provides another, and what is supposed, under the circumstances, to be a better way of bringing suit against the administrator of an insolvent estate. The party has only to file his claim, and pursue his rights with ordinary diligence, and he cannot fail to obtain a judgment and such satisfaction of the same as the circumstances will afford. If he loses this right, he does so by his own laches. We cannot agree, that such a case will authorize us to establish a new exception against the continuous operation of the statute of limitations after it has once begun to run.

For all that is shown by this record, the way may yet be entirely open for the holder of this note to pursue his rights upon it in the Probate Court, by bringing the administrator *de bonis non* to settlement.

The demurrer to the replication of the plaintiff was properly sustained, and there is no error in the same.

Let the judgment be affirmed.