30   61|
108  306|

## REED'S ADM'R *vs.* MINELL & CO.

[CREDITORS' BILL AGAINST WIDOW AND LEGAL REPRESENTATIVE OF DECEASED
DEBTOR.]

1. *Statute of limitations not suspended by declaration of insolvency.*—A report and
declaration of insolvency, in 1839, was a defense available only to the ad-
ministrator by whom it was made, and did not withdraw the claims of
creditors from the jurisdiction of the common-law courts ; consequently, it
does not suspend the operation of the statute of limitations, after the
expiration of the first administration.

2. *Nor by vacancy in administration.*—After the statute has commenced to run, a
vacancy in the administration of the debtor's estate does not suspend its
operation.

3. *Nor avoided by creditor's ignorance of fraudulent conveyance by debtor.*—The fact
that a deceased debtor made a fraudulent conveyance of all his property,
and the creditor's ignorance of the fraud until within six years before the
filing of his bill, do not avoid the bar of the statute of limitations, as in
favor of the debtor's personal representative, when the creditor asserts no
lien on the property, and has not reduced his demand to judgment.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellees, on behalf of them-
selves and the other creditors of Oliver Reed, deceased,
against the widow, heirs-at-law, and personal representa-
tive of said Reed; alleging, that said Reed died in 1838,
being at the time indebted to them in a large amount;
that in October, 1838, letters of administration on his
estate were granted to Jno. W. T. Reed, as sheriff of
the county, whose term of office expired in August, 1840;
that the estate was reported insolvent in October, 1839,
but no further proceedings were had with regard to it as
such; that complainants' demand was duly presented to
the administrator before the declaration of insolvency,
but has never been paid. The bill further alleged, that
said Oliver Reed, a short time before his death, fraudu-
lently conveyed all his property to his brother-in-law,
William B. Oliver, by a deed which was absolute on its
face, but which was accompanied by a secret parol trust

for the benefit of said Reed's wife and family; that in pursuance of this secret trust, said Oliver, in 1842, conveyed all of said property to the widow of said Reed, who has since had the possession and enjoyment of it; and that complainants did not discover these facts until within six years before the filing of their bill.

The prayer of the bill is, that an account may be taken of the debts owing by said Reed; that said conveyances may be declared fraudulent and void; and that the property in the hands of the widow may be subjected to the payment of the debts.

The bill was filed on the 31st July, 1847. Jno. W. T. Reed's term of office, as sheriff of Montgomery county, expired in August, 1840. No other letters of administration were taken out on the estate of said Oliver Reed, until March 18, 1848, when letters were granted to James M. Newman, as sheriff of the county, and he was made a party to the suit. Newman's term of office expired in August, 1849, and his successor was appointed administrator of said Reed on the 4th February following, and was brought in as a defendant.

The defendants put in issue all the material allegations of the bill; denied the charge of fraud in the execution of the conveyances set out in the bill; pleaded the statute of limitations of six years; and demurred to the bill, for want of equity, and because complainants had an adequate remedy at law.

The chancellor, on final hearing, rendered a decree in favor of the complainants; and his decree is now assigned as error.

N. W. COCKE, for the appellant.—1. The complainants' demand is barred by the statute of limitations of six years. The bill was filed more than nine years after the maturity of the debt, and nearly nine years from the commencement of the first administration. In cases of concurrent jurisdiction, the statute is equally obligatory on courts of law and equity.—3 Ala. 756; 21 Ala. 633; 8 Porter, 211. It may be invoked by any party interested in defeating the creditor's demand.—3 Porter, 39; 1 Russ. & My. 347.

Consequently, the widow of the deceased debtor is entitled to its benefit, both as donee, and as distributee of the estate. She has the right to insist on it, also, if she be regarded as executrix *de son tort.*—6 Foster, (N. H.) 493. The administrator also pleads the statute; and it is, at all events, available as a defense to him.—Lee v. Leachman, 22 Ala. 452.

2. A declaration of insolvency is operative only in favor of the personal representative by whom it is made, and cannot be set up as a defense by a succeeding administrator.—6 Ala. 870; 19 Ala. 173; 9 Ala. 925; 11 Ala. 259. The period intervening between the expiration of Reed's administration and the commencement of Newman's, does not suspend the continuous operation of the statute.— 1 Stewart, 254; 15 Ala. 545; 22 Ala. 452; 1 McMullan, 333; 3 McCord, 455.

3. The declaration of insolvency is a nullity, because no report by the administrator is shown.—3 Ala. 61; 5 Ala. 117; 6 Ala. 870; 19 Ala. 173; 4 Ala. 292; 8 Porter, 375.

4. The allegations of the bill, as to the discovery of the alleged fraud, are substantially defective.—7 Howard, 829; 9 Pick. 212; 9 Greenl. 131; 1 Curtis, 390; 5 Ala. 90; 2 Greenl. Ev. § 448. These allegations are put in issue by the answers, and are not sustained by the proof. The time of the discovery of the fraud, however available as against a fraudulent grantee, has no effect on the administrator's plea of the statute.

MARTIN & BALDWIN, *contra.*—1. The declaration of insolvency transferred to the orphans' court exclusive jurisdiction over the claims of creditors.—Aikin's Digest, 152, § 2; Edwards v. Gibbs, 11 Ala. 294; Middleton v. Maull, 16 Ala. 483.

2. In computing the period of time necessary to complete a bar under the statute of limitations, the period intervening between the termination of the first, and the commencement of the second administration, ought not to be computed, because there was then no person who could be sued.

3. If the statutory .bar should be held complete, its effect is nevertheless avoided by the allegations of fraud and the discovery thereof.

4. The bill is maintainable against the widow, as executrix *de son tort.*

WALKER, J.—We avoid discussing the question of the validity of the report and decree of insolvency, because that may be conceded to the· appellees without affecting the result.   The effect of the declaration of insolvency, in 1839, was not to withdraw the claims of creditors from the jurisdiction of the common-law courts, under a subsequent administration : it was a defense available only to the administrator who made the report of insolvency.— Lambeth v. Garber, 6 Ala. 870 ; Cameron v. Clarke, Smith & Co., 11 Ala. 259 ; McLaughlin v. Nelms, 9 Ala. 925 ; McBroom v. McBroom, 19 Ala. 173. Consequently, there is no reason why it should present an excuse for not suing after the expiration of the first administrator's term of office.   Upon the report of insolvency in 1839, as the law then stood, it was the complainants' privilege to have prosecuted their claim, before the orphans' court, to a judgment against the administrator for their distributive share ; which judgment would have been, at once, evidence of the demand, and of the assets in the hands of the administrator.—Lee v. Leachman, 22 Ala. 452; Watts v. Gayle & Bower, 20 Ala. 817.   Conceding that there were no assets whatever which could be administered by the administrator, yet this would not affect the question, because, if the complainants now have a right to subject the property alleged to have been fraudulently conveyed to Wm. B. Oliver, that right existed as fully in 1839 as it now exists.

But, if the time up to the expiration of Reed's administration be deducted, it would not avail the complainants. The statute of limitations, having commenced to run, would not step in consequence of the vacancy in the administration.   Upon this point, our decisions are conclusive.—Richardson v. Williams, 5 Porter, 515 ; Lee v. Leachman, 22 Ala. 455 ; Howell v. Hair, 15 Ala. 194 ;

Harwell v. Steel, 17 Ala. 372; Lowe v. Jones, 15 Ala. 545. The reason given by the cases, for the subtraction of the period of six months after the commencement of administration, is, that the statute absolutely prohibits a suit during that time; and, if it were counted, a bar might be effected as the result of the statutory ¡interference, and not of the plaintiff's laches. That reason has no application in this case. It was in the power of the [creditor to have had an administrator appointed after the expiration of the first administration.—Hutchison v. Tolls, 2 Porter, 44; Posey & Coffee v. Br. Bk. at Decatur, 12 Ala. 802, opinion by C. J. Dargan; and authorities cited *supra*.

It is contended for the appellees, that their ignorance of the fraud in the conveyance by their debtor is a sufficient excuse for their failure to sue sooner. We do not consider the question, whether the statute of limitations would protect the title of the fraudulent grantee. That is not the question here. The question is, will ignorance of the fact that a debtor has made a fraudulent conveyance, take away from the debtor the benefit of the statute of limitations against the debt. We know of no principle or authority, upon which the position can be maintained, that a debtor is denied the privilege of pleading the statute of limitations against the debt, because he has made a fraudulent conveyance, and successfully concealed it. If it be said that the debtor had no other property than that which was fraudulently conveyed, and that the improbability of making his money had prevented the creditor from suing; it may be replied, that the same argument would prevent a man who had been insolvent from pleading the statute of limitations, when he had become solvent after the completion of the bar. We are not authorized to imply such an exception to the statute. The statute is pleaded by the administrator, and we can perceive no reason why he should not as well defend in the chancery court, upon the ground that the claim is barred by the statute, as if he had been sued at law; and it will not be denied that, at law, the defense would be complete.

If this were merely a proceeding to enforce a lien on

66 ALABAMA.

property, the fact that the statute of limitations had barred a suit on the debt would be no defense.—Cullum v. Br. Bk. at Mobile, 23 Ala. 797; Duval's Heirs v. McLoskey, 1 Ala. 710; Jones v. Jones, 18 Ala. 248. But the complainants have no lien, and are simple-contract creditors; and the bill does not assert, nor is the suit brought to enforce, a lien.

The chancellor's decree is reversed, and a decree must be here rendered, dismissing the complainants' bill. The complainants must pay the costs, both in this court, and in the court below.

