## STATE BANK vs. ELLIS.

[CREDITORS' BILL AGAINST DEBTOR'S FRAUDULENT GRANTEE.]

1. *When creditor may come into equity against fraudulent grantee of deceased debtor.*— A creditor at large, not having any lien, and not having exhausted his legal remedies, cannot come into equity, to subject property fraudulently conveyed by the debtor in his lifetime, without alleging and proving a deficiency of legal assets; an averment that the debtor's estate was reported insolvent by the administrator in 1842, is not, as against a fraudulent grantee who was not then a creditor, equivalent to an allegation of its insolvency.

2. *When amendment of bill is not matter of right.*—Conceding that the chancellor on sustaining a demurrer to the bill for want of equity, when the cause has been submitted for final decree on pleadings and proof, may allow an amendment, yet he is not bound to do so *ex mero motu;* nor will the appellate court reverse his decree, dismissing the bill without prejudice, and remand the cause, that the bill may be amended.

APPEAL from the Chancery Court of Pickens.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, on behalf of itself and the other creditors of Frederic C. Ellis, deceased, against the administrator, heirs-at-law, and mother of said Ellis, to subject to the satisfaction of complainant's demand certain real estate, alleged to have been conveyed by said Ellis in his lifetime to his mother for the purpose of hindering and defrauding his creditors. The material

facts are stated in the opinion of the court. The chancellor, by interlocutory decree, overruled a demurrer to the bill for want of equity; but, on final hearing on pleadings and proof, revoked this order, and dismissed the bill, but without prejudice, for the want of equity; and his decree is now assigned as error.

J. L. MARTIN, A. B. CLITHERALL, and GOLDTHWAITE & SEMPLE, for the appellant.

E. W. PECK, *contra.*

RICE, C. J.—The bill shows the complainant to be a creditor at large, who has no lien, and has not exhausted its legal remedies.—Lee v. Leachman, 22 Ala. 452. It seeks to obtain satisfaction of the complainant's demand, out of real estate which, it alleges, was fraudulently conveyed by the debtor in his lifetime to his mother. But it is destitute of equity, unless it in effect alleges the deficiency of legal assets to satisfy the complainant's demand. Pharis v. Leachman, 20 Ala. 662 ; Watts v. Gayle, *ib.* 817.

The only allegation of the bill, which is relied upon as an allegation of the deficiency of legal assets, is, that the administrator of the estate of the fraudulent grantor, in June, 1842, "declared and returned said estate to be wholly insolvent, and besought the said orphans' court of Pickens," from which his letters were obtained, to take the proper action, and make the proper order thereon. It is not alleged in the bill, that the fraudulent grantee was a creditor of the estate at the time that representation and return were made by the administrator; and it is too clear for argument, that the allegation, that the estate was declared and returned by the administrator to be wholly insolvent, is not, as against one who was not a creditor of the estate, equivalent to an allegation, that the estate was in fact insolvent. Such a declaration and return has been held not even to be evidence against one who was not a creditor of the estate.—McGuire v. Shelby, 20 Ala. 456. We must decide, therefore, that there is not in the bill any allegation of the insolvency of the estate, or of the deficiency of the legal assets; that there

is no equity in the bill; and that there was no error in dismissing it "without prejudice to the exhibition of another bill."

Conceding that the chancellor might have allowed or ordered an amendment of the bill, instead of dismissing it; he was not bound, *ex mero motu*, to have done so. We cannot reverse his decree, or open and remand the cause, for an amendment of the bill, on the mere ground that he did not, *ex mero motu*, order an amendment, on sustaining the demurrer for want of equity, after the cause had been submitted for final hearing on the pleadings and proofs.

The decree is affirmed, at the costs of the appellant.