# Houston v. Blackman.

*Bill in Equity by Creditor, against Voluntary Grantee of Deceased Debtor.*

1. *When creditor by simple contract may come into equity.*—Repeated decisions of this court sustain the right of a creditor by simple contract to come into equity, for the purpose of reaching and subjecting property fraudulently conveyed by his deceased debtor while in life, on averment and proof of a deficiency of legal assets.

2. *Theory of such bill; defenses; parties.*—The theory of such a bill is, that the fraudulent grantee is chargeable as an executor *de son tort;* and being so chargeable he may make any defense that might be made by a rightful personal representative, or by the debtor himself while living ; but no decree can be rendered which will affect the rightful personal representative, and he is not a necessary party to the bill, though he may be made a party.

3. *Consideration of deed; recital of, and burden of proof.*— When a conveyance is assailed by creditors of the grantor, whose debts were in existence at the time of its execution, the recital of a consideration is not evidence as against them, and the *onus* is on the grantee to prove a consideration such as will support it.

4. *Voluntary conveyance; parol proof as to consideration.*—A conveyance of lands by a husband to his wife, which purports to be made in consideration of love and affection, "and for the sum of one dollar cash in hand paid, the receipt whereof is hereby acknowledged," is purely voluntary, and void as against the existing creditors of the husband ; and when assailed by them, parol evidence cannot be received to show that it was founded on a valuable consideration.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 12th February, 1877, by William Blackman, against Mrs. Martha B. Houston, the widow of Edwin A. Houston, deceased, and Jacob A. Albright; and sought to subject to the payment and satisfaction of a debt, which the complainant claimed and held against said Albright and Edwin A. Houston, a tract of land particularly described in the bill, which had belonged to said Houston in his life-time, and which the defendants claimed under him, as hereinafter more particularly stated. The complainant's debt was evidenced by a promissory note for $312, executed by said Houston and Albright jointly, dated the 27th July, 1874, and payable on the 1st December, next after date. The bill alleged that Houston died, intestate, on the 16th March, 1875, leaving no estate or property of any kind ; that no letters of administration had been granted on his estate, as there were no assets to administer ; that the complainant had obtained a judgment on the note, in November, 1876,

[Houston v. Blackman.]

against Albright; and that execution thereon had been regularly issued, and returned "No property found." As to the land sought to be subjected to the satisfaction of this debt, the bill alleged that, some time during the year 1871, Houston bargained and sold an undivided half interest therein to said Albright, and executed to him a bond conditioned to make title when the purchase-money should be paid, for which Albright gave his three notes, payable on the 25th December, 1871, 1872, and 1873, respectively; that on the 11th March, 1875, a few days before his death, said Houston executed a deed of gift, conveying his interest in said land, and all his other property, to his wife, Mrs. Martha B. Houston; that immediately afterwards, on the request of Mrs. Houston, Albright surrendered the title-bond which he held, and accepted a new title-bond from her, conditioned to make title on the payment of a new note which he gave her for the estimated balance due on his former notes, which were surrendered and cancelled. The deed from said Houston to his wife, a copy of which was made an exhibit to the bill, purports to be made in consideration of love and affection, and for the further consideration of one dollar in hand paid. The bill prayed, on these facts, that the land might be subjected to the payment of the complainant's debt, and sold for that purpose, if necessary; that an administrator of Houston's estate might be appointed by the court, if necessary for the purposes of the suit; and for other and further relief, under the general prayer.

An administrator *ad litem* was appointed in the cause, and put in a formal answer, denying the allegations of the bill. A decree *pro confesso* was entered against Albright, and he made no defense. An answer was filed by Mrs. Houston, but not under oath (a sworn answer having been waived), in which she admitted the death of her husband as alleged, the insolvency of his estate, and the execution of the deed for the lands; but she denied that said deed conveyed all of the grantor's property, and denied that it was voluntary; alleging, on the contrary, that it was executed for the purpose of repaying and reimbursing, in part, moneys belonging to her statutory separate estate, derived from the estates of her deceased father and mother, which her husband had received and appropriated, and part of which he had used in paying the purchase-money for the land.

The chancellor overruled a motion to dismiss the bill for want of equity, and, on final hearing on pleadings and proof, rendered a decree for the complainant; holding that parol evidence was not admissible to prove that the deed was founded on a valuable consideration. The appeal is sued out by Mrs.

Houston, who here assigns as error the overruling of the motion to dismiss the bill, the exclusion of the parol evidence offered, and the final decree.

W. H. BARNES & SON, for appellant, cited *Reynolds v. Welch*, 47 Ala. 200½; *Todd v. Neal*, 49 Ala. 266; *Harvey v. Alexander*, 1 Rand. Va. 219; Bump on Fraud. Conv. 578; 2 Wharton's Ev. § 1048; *Peacock v. Monk*, 1 Vesey, sr. 128; *Hilton v. Homans*, 23 Maine, 136; *Wood v. Beach*, 7 Vermont, 522; *Pierce v. Brew*, 43 Vermont, 292; *Fink v. Greene*, 5 Barbour, 455; *Benedict v. Lynch*, 1 John. Ch. 370; 56 Penn. St. 132; 56 Illinois, 363; 49 Mo. 212; *Cunningham v. Dwyer*, 23 Md. 219; *Quarles v. Grigsby*, 31 Ala. 172; *Chamberlayne v. Temple*, 2 Rand. 384; *Garrett v. Stewart*, 1 McCord, 515; 2 Hill's Ch. 563.

JNO. M. CHILTON, contra, cited *Halfman v. Ellison*, 51 Ala. 543; *Murphy v. Br. Bank*, 16 Ala. 90; *Kinnebrew v. Kinnebrew*, 35 Ala. 636; *Hubbard v. Allen*, 59 Ala. 283; *Felder v. Harper*, 12 Ala. 612; *Ridgway v. Underwood*, 4 Wash. C. C. 133.

BRICKELL, C. J.—Bills of this character, filed by a simple-contract creditor of a deceased debtor, averring a deficiency of legal assets to satisfy his demand, to reach and subject property fraudulently conveyed by the debtor while in life, have been uniformly sustained in this court.—*Reed v. Minell*, 30 Ala. 61; *Pharis v. Leachman*, 20 Ala. 662; *Watts v. Gayle*, *Ib.* 817; *Ellis v. State Bank*, 30 Ala. 478; *Quarles v. Grigsby*, 31 Ala. 172; *Halfman v. Ellison*, 51 Ala. 543; *Todd v. Neal*, 49 Ala. 266. The theory on which the bill proceeds, in such cases, is that the fraudulent donee stands in the relation, and is chargeable as an executor *de son tort*; and he is allowed to make any defense which the debtor in life, or the rightful personal representative, could have made. *Reed v. Minell, supra; Halfman v. Ellison, supra.* The donee having this right, and as no decree is sought, or can be obtained, which will affect the rightful personal representative, though a proper, he is not a necessary party.—*Inge v. Boardman,* 2 Ala. 331. It is only when the assets in the hands of the personal representative, as a general rule, may be affected by the decree, that he is an indispensable party.— Story's Eq. Pl. § 177.

At common law, a consideration was not *essentially necessary* to the validity of a deed. Thus, in Plowden it is said, *arguendo*, that, " by the law of England, there were two ways of making contracts for lands or chattels; the one by words,

[Houston v. Blackman.]

the other by writing ; and because words were often spoken unadvisedly, and without deliberation, the law had provided, that a contract by words should not bind, without consideration. But, where the agreement was by deed, there was more time for deliberation ; for which reason, deeds were received as a lien final to the party, and were adjudged to bind him, without examining upon what cause or consideration they were made."—4 Green. Cruise, title *Deed*, ch. 2, § 36. This was said of a feoffment ; but elsewhere it is said, a consideration became requisite, even to the validity of a feoffment, as none could be implied. In deeds of bargain and sale, the expression of any, the slightest consideration,—for instance, a pepper-corn even,—will support them, as between the parties. The only use and operation of the expression of a consideration, or the introduction of a clause reciting a consideration, is to prevent a resulting trust to the grantor, and to estop him from denying the making and effect of the deed for the uses therein declared.—*Belden v. Seymour*, 8 Conn. 304 ; *Meeker v. Meeker*, 16 Conn. 383 ; *Grout v. Townsend*, 2 Hill, N. Y. 554 ; *Goodspeed v. Fuller*, 46 Me. 141 ; *Sowerby v. Arden*, 1 Johns. Ch. 240 ; *Graves v. Graves*, 9 Foster, 29 N. H. 129.

Though a deed is valid and operative as between parties and their privies, whether founded on a consideration or not, if any is expressed, it may, for a want of a valuable consideration, be void as to the creditors of the grantor. When assailed by creditors whose demands were in existence at the time of its execution, the burden of proving a consideration, and a consideration which will free it from the imputation of being made to hinder, delay, or defraud creditors, rests upon the grantee, or those claiming under him. The recital of consideration in the deed, as to creditors, is not evidence—it is no more than the mere admission or declaration of the grantor.—*McCain v. Wood*, 4 Ala. 258 ; *Br. Bank Decatur*, 5 Ala. 9 ; *McGintry v. Reeves*, 10 Ala. 137 ; *McCaskle v. Amarine*, 12 Ala. 17 ; *Falkner v. Leith*, 15 Ala. 9 ; *Dolin v. Gardner*, *Ib.* 758 ; *Hubbard v. Allen*, 59 Ala. 283.

In *Potter v. Gracie*, 58 Ala. 308, it was said by this court : " It is the settled law of this State, that a deed impeached by creditors, for fraud, actual or constructive, cannot be supported by evidence of considerations different from those alleged in it.—*Murphy v. Br. Bank Mobile*, 16 Ala. 90. It is, at all times, dangerous to relax the conservative principle of law, which declares that, when parties enter into a contract, and reduce its stipulations to writing, the written memorial is the sole expositor of the contract, and cannot, in the absence of fraud, be varied by parol evidence. Mistakes may

occur, requiring a court of equity to intervene and correct, so that the contract may conform to the intention the parties proposed expressing. But, without fraud or mistake, as between the parties, the written contract is conclusive. When assailed by creditors, it must be taken, as to the parties to it, as it may be written. It cannot be supported by falsifying express recitals, which, it must be presumed, were deliberately made, and deliberately accepted."

In *Maigley v. Hauer*, 7 Johns. 341, it was said by the court : " It is a settled rule, that when the consideration is expressly stated in a deed, and it is not said also, 'and for other considerations,' you cannot enter into proof of any other ; for that would be contrary to the deed. * * The same rule prevails in equity, according to the cases of *Clarkson v. Hanway* (2 P. Wms. 203), and of *Peacock v. Monk* (1 Vesey, 167.)"

In *Wilkinson v. Wilkinson*, 2 Dev. Eq. 377, it was said by Judge GASTON, considering this question : " Written instruments are to be regarded as the authentic and permanent memorials, which the parties pass deliberately, appointed to testify to all, and forever, what they have done. Parol evidence is, in its nature, less satisfactory. It may be tainted with falsehood, perverted by ignorance, prejudice, favor, or mistake, and is liable to mislead, because of the weakness of human memory. It is not to be questioned, but that the general rule, which declares parol evidence inadmissible, to contradict, or substantially to vary the terms of a written instrument, obtains in a court of equity equally as in a court of law. The consideration upon which a deed is made, is an important part of the contract ; and when it is distinctly declared, parol evidence is not more admissible to contradict, or substantially to vary that, than any other term upon which the parties have thus expressed their agreement.".

The conveyances of lands between individuals, of most frequent use, are deeds of bargain and sale, or deeds operating as covenants to stand seized to uses. These conveyances derive their operation from the English statute of uses, a part of our common law, or from our own statute of uses, the same in substance.—*Horton v. Sledge*, 29 Ala. 478 ; *Patton v. Beecher*, 62 Ala. 588. A valuable, as distinguished from a good consideration, is necessary to support a bargain and sale ; while a good consideration is essential to support a covenant to stand seized. When either of these considerations singly is expressed in a conveyance of lands, to receive parol evidence that the other was the real consideration, would alter the character of the conveyance.

The conveyance now assailed was made by a husband, to his wife. The consideration is expressed upon its face in

these words : " as well for and in consideration of the love and affection which he has and bears towards the said Mattie B. Houston, as for the sum of one dollar paid to him cash in hand by the said party of the second part, the receipt whereof is hereby acknowledged." The proposition is, by parol to show that the real consideration was the payment or security of a debt, exceeding four thousand dollars, owing by the husband to the wife, for moneys of her statutory separate estate, which he had received and converted to his own use. The admissibility of the parol evidence is the decisive point of the case.

There can be no doubt, that a deed founded on, and expressing a merely nominal consideration, must be deemed voluntary as to creditors.—*Ridgeway v. Underwood*, 4 Wash. C. C. 133. In *Murphy v. Br. Bank of Mobile*, 16 Ala. 90, the conveyance was of slaves, by a husband, to a trustee for the sole and separate use of the wife, and recited that it was made " for and in consideration of his anxiety to provide for his said wife a competent support in case of any future misfortune and embarrassment, and in and for the further consideration of one dollar, in hand paid." When assailed as voluntary by creditors, it was proposed to support it by parol evidence that the the slaves had been originally given to the husband by the wife's father, upon condition that he would settle them to the separate use of the wife, and that the deed was made in compliance with this promise. It was said by DARGAN, J, speaking for the court : " Here, the deed sets out the consideration on which it purports to have been executed, to-wit, the anxiety of the grantor to provide for his wife, and one dollar in cash paid. The proof would establish, that the deed was executed in conformity to the understanding entered into by Dorsey at the time the negroes were delivered to him. This is a consideration entirely different from that mentioned in the deed, and parol proof cannot be received to establish it without violating the well-settled rules of evidence."

That case was in a court of law ; but the rules of evidence are, as we have seen, the same in courts of equity, unless a reformation of the conveyance is sought because of fraud or mistake. Here there is an authority, decisive of this point, which has been unquestioned, and approved for more than thirty years. We are not at all inclined to depart from it. If it was not apparent from the face of the deed, that the expression of one dollar as of the consideration was merely nominal, and introduced to give the deed the appearance of a bargain and sale—if it was necessary to resort to parol evidence to ascertain whether that consideration was adequate—we do

[Jackson v. Harris.]

not say the parol evidence of an adequate pecuniary consideration would not be admissible. But that consideration being manifestly nominal, and therefore not changing or expressing any other than the merely good consideration of love and affection, the parol evidence was inadmissible. Excluding it, the conveyance is purely voluntary, and void against the existing creditors of the grantor.

Let the decree of the chancellor be affirmed.