# Underhill, Receiver, *v.* The Mobile Fire Department Insurance Company.

67　45
129　265

*Bill in Equity to Declare Transfer of Stock void, and for an Account.*

1. *Statute of limitations, applies in equity to bill for conversion of stock.*—Six years is the statutory bar to an action at law for the recovery of damages for the conversion of personal property, and the same limitation applies to a suit in equity which seeks to hold the defendant responsible for the conversion of shares of stock in an incorporated association.

2. *Same; defense of; when available on demurrer.*—When a bill in equity shows on its face that the claim asserted is barred by the statute of limitations, the defense is available on demurrer, and, if facts exist which take the case out of the operation of the statute they should be averred in the bill.

3. *Same; when does not run.*—The general principle is well settled that the statute of limitations does not run when there is no one who has the right and the capacity to sue, and when there is no one capable of being sued; but the qualification of the principle is equally well settled, that when the statute has once commenced to run, it does not cease running on account of any intervening disability to sue or be sued.

4. *Indefiniteness in bill; complainant has no advantage from.*—The complainant in a bill can claim no advantge or benefit from the indefiniteness of its allegations since he is presumed to state his case as fully as the facts will justify.

5. *Same; begins to run on appointment of special administrator.*—A special administrator, though appointed with reference to the pendency of a particular suit, has the same power of collecting and preserving the assets, and of maintaining suits for that purpose as a general administrator, and hence, the statute of limitations runs from the time of his appointment.

6. *Same; ignorance of right will not take case out of statute.*—Ignorance of his rights on the part of complainant, not superinduced by the fraud or connivance of the defendant, does not take the case out of the operation of the statute of limitations.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

This bill was filed on the 21st day of November, 1877, against the Mobile Fire Department Insurance Company and Owen McMahon, by E. M. Underhill, appellant, as receiver of the assets of the estate of Edward McDermott, deceased. The bill stated that Edward McDermott, a citizen of Mobile,

died there in November, 1866, leaving an estate composed of real and personal property, and among other things fifty shares of the capital stock of the Mobile Fire Department Insurance Company, of the face value of one hundred dollars each. That the stock stood on the books of the corporation in the name of Edward McDermott at the time of his death, and up to April 27, 1867, and the certificate of stock was also in his name ; that after the death of Edward McDermott this certificate was found on deposit in bank. The names of all the heirs and distributees of Edward McDermott are set out, and the bill then states that James, the only surviving brother of Edward McDermott, residing at that time in Louisville, Kentucky, came to Mobile and found among the papers of Edward, an instrument purporting to be the last will of said Edward. This instrument was admitted to probate as the will of Edward McDermott on June 3d, 1867. That a special grant of letters of administration upon the estate of Edward McDermott was made to W. W. McGuire, the general administrator of Mobile county, for the sole purpose of enabling him to prosecute a suit in the Circuit Court of Mobile, which Edward McDermott had instituted before his death ; that McGuire was dead ; that no letters were ever granted to any one else on said estate. A copy of the paper which was probated as the will of Edward McDermott, is attached to the bill, which avers that as a will it was void, because vague and indefinite.

By this paper Edward McDermott gave all his property to his sister, Mary Agnes McDermott, in trust, "to support the contingent remainders, make entries and bring actions and subject to the bequests hereinafter made." The names of a number of persons are then mentioned, thus : "I give to A. ——$," no amounts or sums being anywhere stated. Mary Agnes McDermott, a Catholic nun, living in retirement was, the bill avers, unduly controlled and influenced by her brother James, and gave him a power of attorney by which she conferred on him all the power over the estate which she possessed, to sell, or dispose of it at discretion ; that said James obtained possession of the fifty shares of the stock of the Mobile Fire Department Insurance Company on the 27th of April, 1867, in furtherance of his fraudulent purpose of converting to his own use the property of the estate, illegally and without authority, but claiming to act under the power of attorney given him by Mary Agnes McDermott, surrendered to said insurance company the certificate of fifty shares of stock, and had them transferred to himself as an individual, on the books of the company; that in 1870, James McDermott borrowed from Owen McMahon

about $1000, and being unable to pay the loan transferred to said McMahon the said fifty shares of stock, and had a certificate therefor issued to him. That said transfer was without authority and illegal, and that said insurance company could have ascertained the fact by the use of ordinary diligence ; that dividends had been declared on said stock, which had been paid to said Edward McDermott and Owen McMahon ; that said James McDermott, was in a "most fraudulent and outrageous manner, squandering the estate, until upon bill filed by the distributees to have the paper called a will construed and the said James to account and make settlement," appellant was on the 12th February, 1876, appointed receiver of the assets of the estate of Edward McDermott ; that all the debts of said estate had been paid, but the time when they were paid is not stated. The bill prays for a discovery of the amount of dividends on the stock which were paid to James McDermott and Owen McMahon ; that the transfer and surrender of the certificate of said stock be declared void ; that the rights of complainant to said stock be settled ; that said insurance company be decreed to issue a new certificate of stock in the name of Edward McDermott, or in the name of complainant as receiver. The defendant McMahon demurred to the bill because, "as shown by the bill the claim made, is, as against the defendant, barred by the statute of limitations of six years."

The Chancellor sustained the demurrer and dismissed the bill on July 5, 1878 ; on July 13, 1878, complainant proposed to amend the bill, but the Chancellor refused to allow the amendment. The decree of the Chancellor dismissing the bill, and his refusal to allow the amendment, are assigned as error.

R. Inge Smith, for appellant.—There is no statute of limitations in Alabama which applies to the case made by the bill, and the right to bring actions subsists until the legislature limits it.—*Bedell v. Janney*, 4 Gil. 193 ; *Foster v. Cumberland R. R.*, 23 Pa. St. 371 ; 15 La. An. 1, 432 ; Sneed (Tenn.) 247. The statute does not run until there is some one entitled to sue.—3 Stew. 172 ; *Bohannon v. Chapman*, 17 Ala. 697 ; *Hopper, Adm'r, v. Steele*, 18 Ala. 328; *Lawson v. Lay*, 24 Ala. 134; *Wyatt v. Rambo*, 29 Ala. 510. The bill is not subject to demurrer unless it appears on its face that the complainant had the right to sue during the whole time prescribed by the statute of limitations, and in this case that the title of Edward McDermott and the distributees was openly repudiated.—*Shorter v. Smith*, 56 Ala. 210 ; *Edell v. Buchanan*, 2 Ves. 83. The bill here shows a fraudulent con-

version, but no notice of it to the distributees. It shows that the receiver was appointed within less than two years before it was filed. There is no statute of limitations in this State which prescribes the time within which administration must be taken on a decedent's estate ; nor within what time a receiver shall be appointed to save the assets of an estate. When appointed, the administrator can sue for the assets and the statute does not begin to run till his appointment. 3 Stew., and authorities *supra.* The defendants and James McDermott were all administrators *de son tort,* and can not protect themselves by the statute of limitations.—32 Ala. 314 ; *High v. Worley,* 33 Ala. 709 ; *Blackwell v. Blackwell,* 33 *Ib.* 57. The bill does not show when the debts of the estate were paid, and hence, it does not appear when the equitable title of the distributees arose. The amendment should have been allowed. The complainant is not forced to meet the defense of the statute of limitations in his bill ; he has, and should have, the right to amend after a demurrer to the bill is sustained.

BOYLES, FAITH & CLOUD, for appellee.—The demurrer of the statute of limitations was properly sustained. Edward McDermott died in 1866, and the receiver was appointed on February 12th, 1876. Actions for the conversion or detention of personal property must be brought within six years (Code, § 3228,) and the exclusive possession of personal property for more than six years under claim of ownership bars an action to recover it.—*Strange v. Graham,* 56 Ala. 614. The bill shows that the stock was transferred on the books of the insurance company on April 27, 1867, and the legal title to it transferred to James McDermott, and was so held by him for nearly ten years, the bill having been filed in 1877. It appears that there was a possession hostile to the title asserted by the complainant for a period which would bar a corresponding legal remedy, and hence the principle laid down in *Shorter v. Smith,* 56 Ala. 208, is directly applicable; and the statute (Code, § 3331,) makes the same statutes of limitation which are applicable to suits at law apply to bills in equity.—*Coyle v. Wilkins,* 57 Ala. 108 ; *Cleveland v. Williamson,* *Ib.* 402. The amendment was properly refused, for it was proposed after final decree.— Code, § 3790 ; *Smith v. Coleman,* 59 Ala. 260. When the statute of limitations has commenced to run it runs over all mesne acts, such as infancy, &c. 3 John. Ch. 136 ; 6 *Ib.* 37. The statute runs against constructive trusts.—31 Ala. 115. The refusal of the amendment, if error, was without injury, for the title of the personal representative to the personalty is exclusive, (18 Ala. 9 ;

16 Ala. 694—and if the receiver stands in the attitude of the personal representative this would make no difference, for when the trustee is barred the *cestui que trust* is barred also. *Strange v. Graham*, 56 Ala. 614.

BRICKELL, C. J.—The questions presented for our consideration are, whether the demurrer to the original bill was properly sustained, and whether the court erred in the refusal of leave to amend the bill as proposed. The particular wrong of which complaint is made, and of which redress is sought, is the conversion of the shares of stock of the intestate, Edward McDermott, in the Mobile Fire Department Insurance Company. It is unimportant whether the conversion is regarded as having occurred on the 27th of April, 1876, when James McDermott had the stock transferred into his own name, and surrendered the original certificate issued to the intestate, or in November, 1870, when James transferred to McMahon, more than six years having intervened from either period before this bill was filed. The statute of limitations, obligatory alike on courts of equity, and courts of law, declares that actions to "recover for the detention or conversion of personal property, must be commenced within six years from the time when the cause of action accrued." Code of 1876, § 3236. And when the suit is in equity, if, on the face of the bill, it appears that a longer period than that prescribed by the statute has intervened before its filing, the defendant may avail himself of the bar of the statute by demurrer, unless by proper averments it is shown that there is sufficient cause for excepting the case from the bar.—1 Brick. Dig. §§ 859–60.

The present case, it is argued, is withdrawn from the operation of the statute because it appears on the face of the bill, that until the appointment of the appellant as receiver, there was no one having the right and capacity to sue for the conversion of the stock. The general principle is, undoubtedly, as stated by the counsel for the appellant, that laches cannot be imputed—that the statute will not run where there is no one having the right and capacity to sue, or where there is no one capable of being sued.—2 Brick. Dig. 220, § 35. The principle must, however, be accepted with this explanation and qualification : that if the statute once commences running, it does not cease running, because of an intervening disability of suit. It is averred in the original and amended bills, that McGuire was appointed special administrator of the estate of Edward McDermott. The time of the appointment is not averred, nor is the time of its expiration, by reason of McGuire's death. The appellant can derive no

benefit from the omission of these averments. The intendments and presumptions are, that he has stated his case as strongly as the facts will justify, and that the averment, of the time and duration of McGuire's appointment, would not have aided him, or it would have been stated. Under the statute a special administrator has large authority, and corresponding duty. It is his duty to collect and preserve the goods and chattels, rights and credits of the deceased, and for this purpose he can, as administrator, maintain suits. Code of 1876, § 2359. All suits instituted, or judgments obtained by him, are capable of being revived in the name of the administrator-in-chief when he is appointed. His capacity of suit in relation to the personal assets, is as large as that of the administrator-in-chief. For the conversion of this stock, McGuire had full capacity to sue, if his authority was existing when the conversion occurred. The existence of the authority at the time of the conversion must be intended, because the intendment is consistent with the averments of the bill, and the presumption is, that if the fact were otherwise, it would have been averred. No intendments can be made in favor of a pleader, which do not naturally and logically result from the facts stated in the pleading. True, it is averred that the grant of administration to McGuire, was for the sole and limited purpose of enabling him to prosecute a suit pending in the name of the intestate at the time of his death. This may have been the purpose of the party procuring the application to be made, and it may have been that the court of probate acted on the hypothesis that the revivor and prosecution of that suit, was the necessity for the grant of a temporary, limited administration, instead of the grant of a general, full administration. The statute intervened, and clothed McGuire with the legal title to all the personal assets, and with the authority to collect, preserve, and if necessary, to sue for them, whatever may have been the purposes of the grant of administration to him, or the necessity for it upon which the court acted. There was, then, a party capable of suing for the conversion of this stock, and the statute of limitations was running while he had that capacity. The termination of the administration, and its continued vacancy, by reason of McGuire's death, did not arrest or impede the operation of the statute. Upon this point the authorities speak an unvarying language. *Reed v. Minell*, 30 Ala. 61.

We do not enter on the inquiry, whether the proposed amendment was not too late, coming after the rendition of final decree, sustaining the demurrer to, and dismissing the original bill. In no event should it have been allowed, if by

[Donovan v. Haynie, Adm'r.]

proper averments, it did not withdraw the case from the bar of the statute of limitations. The gravamen of the amendment was, the minority of some, and the ignorance of all the distributees of Edward McDermott, who had been instrumental in procuring the appointment of appellant as receiver, of the fact of the intestate's ownership of the stock, and of the fact of its conversion, until within a brief period before the filing of the original bill. There is no proper averment that the ignorance was superinduced by fraud, or by more than the mere passiveness of the respondents. Ignorance of right in the party complaining, there being no more than passiveness, mere silence, on the part of his adversary, cannot be engrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of mere negligence.—*Reed v. Minell, supra; Martin v. Br. Bank of Decatur*, 31 Ala. 115. There is no fact stated in the original, or amended bill, which does not indicate clearly, that if the parties in interest had been as active and diligent before six years had elapsed from the wrongs of which complaint is made, as they were subsequently, they could not have ascertained their rights, and the wrongs done them. If from the lapse of time they sustain loss, the immediate cause of the loss is their own inactivity, and it is not the inactive, the negligent, the law protects. If the amendment of the original bill had been allowed it would have been subject to demurrer as was the original bill, and of consequence the appellant suffered no injury from its disallowance.

Affirmed.